# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CR-256 RLW |
| ) | |
| RANDALL HINTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the United States of America's motion for an order, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), authorizing the Bureau of Prisons ("BOP") to turn over to the Clerk of Court funds held in Defendant's inmate trust account as payment towards the criminal restitution imposed in this case. Defendant opposes the government's motion. He argues the BOP has illegally frozen his account. He also urges the Court to exercise its discretion and leave $1,250.00 in his inmate account for expenses related to incarceration, such as the costs of communications with his family, hygiene supplies, and medications, as well as for some savings upon his release.

### Background

On March 25, 2015, Defendant pleaded guilty to one count of Conspiracy to Commit Offenses Against the United State in violation of 18 U.S.C.§ 371; two counts of Mail Fraud in violation of 18 U.S.C. §1341; three counts of Interstate Transportation of Securities in violation of 18 U.S.C. § 2314; one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A; and one count of Making False Statements in violation of 18 U.S.C. § 1001. See ECF No. 202.

On August 11, 2015, the Court sentenced Defendant to a total of 136 months imprisonment, and three years supervised release. ECF No. 368 at pg. 3-4. The Court also ordered Defendant to pay $307,307.37 in restitution and a special assessment of $800. Id. at 6. Defendant has paid over $73,000.00 towards the total balance of this debt. Defendant is currently incarcerated at the FCI Miami in Miami, Florida. He is scheduled to be released from federal custody on February 4, 2025.

According to the government's memorandum in support of its motion, Defendant has a significant sum of money, $4,163.84, in his inmate trust account maintained by the BOP. At the request of the U.S. Attorney's Office, Defendant's inmate account has been encumbered against further transfer, withdrawal, or assignment. The government seeks entry of an order from this Court authorizing the BOP to turn over the funds from Defendant's inmate trust account to the Clerk of the Court as payment towards Defendant's outstanding criminal monetary restitution and special assessment obligations.

## Discussion

The purpose of inmate trust accounts or commissary accounts is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545. A sentence, including criminal restitution, acts as a lien in favor of the United States on all property and rights to property of the person fined, including funds held by the BOP in inmate trust accounts. 18 U.S.C. § 3613(a) and (c) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C § 3664(m) (government may use all available and reasonable means to collect restitution).

Case: 4:14-cr-00256-RLW   Doc. #: 496   Filed: 04/20/21   Page: 3 of 4 PageID #: 2301

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq., requires that resources received by a defendant from any source during his term of incarceration must be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. §3664(n) provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. §3664(n). Under this authority, the government argues it is entitled to sum of money in Defendant's inmate trust account. Furthermore, because the property is a cash deposit, the government argues it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case, such as (1) wearing apparel and schoolbooks; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). And in fact, Defendant has not made such argument.

Under 18 U.S.C. § 3664(k), Defendant was required to notify this Court and the Attorney General of any material change in his "economic circumstances" that might affect his ability to pay restitution. See 18 U.S.C. § 3664(k). The government maintains that the receipt of over $4,000 constitutes a material change in Defendant's "economic circumstances" that affects his ability to pay restitution under section 3664(k), however, Defendant neither notified this Court nor the U.S. Attorney's Office regarding these funds. "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or

3

require immediate payment in full, as the interests of justice require." Id. According to the government, an order authorizing the turnover of Defendant's property is appropriate in this case. The United States submits that the requested relief is reasonable and appropriate because without this relief, the BOP will be required to allow Defendant access to these funds, allowing him, or others, the opportunity to dissipate, conceal, or transfer the funds without first paying restitution.

Defendant does not argue that the government is not entitled to the remedy it seeks, but rather he asks that the Court leave $1,250.00 in his inmate trust account for prison expenses and some savings upon his release. The government responds that it is not unsympathetic to Defendant's concerns, but $200.00 is sufficient for prison expenses. The government allows that Defendant may retain $200.00 in his inmate trust account but argues the remainder should go to pay the outstanding restitution. The Court agrees with the government's position. The Court will grant the United States' motion and order the funds be paid to the Clerk of Court, minus the sum of $200.00, which may remain in Defendants inmate trust account.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Authorize Payment from Inmate Trust Account is **GRANTED**. The Bureau of Prisons is authorized to turn over to the Clerk of the Court funds held in the inmate trust account of Defendant Randall Hinton, Reg. No. 34567-044, as payment towards criminal restitution imposed in this case, minus $200.00, which shall remain in his inmate trust account. [ECF No. 492]

                                                                                   **RONNIE L. WHITE**
                                                                                   **UNITED STATES DISTRICT JUDGE**

Dated this 20th day of April, 2021.